# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 4981 | **DATE** | 10/25/2000 |
| **CASE TITLE** | Bruce Wilson et al vs. Alex Nunn et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: It is therefore ordered that the motion to dismiss is granted in part and denied in part. Plaintiff's claim of unconstitutional conditions of confinement at Joliet Correctional Center is dismissed. Defendants motion to dismiss as to all other claims is denied. Status hearing set for 11/15/00 at 9:00 a.m.**

(11) ■ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| ✓ | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |

courtroom deputy's initials: TSA

date docketed: OCT 25 2000

FILED FOR DOCKETING
00 OCT 25 PM 3: 43

Document Number: 36

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BRUCE WILSON and
DALE FLETCHER,

Plaintiffs

v.   Case No. 99 C 4981

ALEX NUNN, KENNETH AGNEW, and
LIEUTENANT YOUNG
                Defendants.   Judge Andersen

## MEMORANDUM OPINION AND ORDER

The Plaintiffs, Bruce Wilson, currently an inmate at Pinckneyville Correctional Center, and Dale Fletcher, currently an inmate at Dixon Correctional Center, have brought this pro se civil rights action pursuant to 42 U.S.C.§1983. They claim that while they were incarcerated at the Joliet Correctional Center, the defendants, correctional officers Lieutenant Nunn, Captain Agnew and Lieutenant Young violated plaintiffs' constitutional rights by failing to protect them from their cellmate. This matter is before the court for consideration of the defendants' joint motion to dismiss the amended complaint.[1] Plaintiff Fletcher submitted a one page response to the motion and Plaintiff Wilson filed nothing. The court will rule without benefit of Wilson's views. For the reasons stated in this order, the motion will be granted in part and denied in part.

---

[1] On May 25, 2000, the court entered an order allowing defendant Lieutenant Young to join in the motion to dismiss already filed by all other defendants.

1

## STANDARD OF REVIEW

In considering a motion to dismiss, the court must accept as true all well-pleaded facts and must draw all reasonable inferences from those allegations in Plaintiff's favor; a complaint shall only be dismissed if it is beyond doubt that the Plaintiff can prove no facts which would entitle him to relief. *MCM Partners, Inc. v. Andrews-Bartlett & Assoc.*, 62 F.3d 967, 972 (7th Cir. 1995). Furthermore, when confronted with a *pro se* complaint, the court must employ a more liberal standard of review than would be used where an attorney prepared the complaint. *Haines v. Kerner*, 404 U.S. 519 (1972); *Whitford v. Boglio*, 63 F.3d 527, 535 (7th Cir. 1995). Despite this liberal review of pleadings, federal rules still require that the complaint allege facts which would provide an adequate basis for each claim. *Gray v. Dane County*, 854 F.2d 179, 182 (7th Cir. 1988). On a motion to dismiss, a Plaintiff's well-pleaded allegations of fact are taken as true and all reasonable inferences are drawn in the Plaintiff's favor. *Leatherman v. Tarrant County Narcotics Units*, 507 U.S. 163 (1993); *Swofford v. Mandrell*, 969 F.2d 547, 549 (7th Cir.1992). Additionally, as long as they are consistent with the allegations of the complaint, a party may assert additional facts in his or her response to a motion to dismiss. *Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1428 (7th Cir.1996); *Highsmith v. Chrysler Credit Corp.*, 18 F.3d 434, 439-40 (7th Cir.1994).

## FACTS

The Plaintiffs allege the following facts, which must be taken as true for the purpose of this motion. In June of 1999, both plaintiffs were housed at the Joliet Correctional Center in

2

disciplinary segregation. They were told that the inmate in cell 238, west segregation, had a history of attacking his previous cellmates. Plaintiff Wilson then notified each of the defendants about this inmate, identified by defendants as inmate Hearns, and each defendant acknowledged that he was aware of this assaultive inmate but that he would still place Wilson in that inmate's cell until or unless Wilson was attacked. Thus ignoring Wilson's plea, defendants put Wilson in cell 238 with the combative inmate on June 9, 1999. He immediately became ill due to unsanitary conditions in that cell. (Molded food and trash on the floor, aroma of urin[sic]).[2] On June 16, 1999, Plaintiff Wilson was attacked by this cellmate, severely choked and beaten for 30 minutes before other inmates called for staff by kicking on the doors of their cells.

On June 6, 1999, Plaintiff Fletcher was placed in west segregation at Joliet Correctional Center in cell 238. He too, pleaded with defendants to take him out of that cell, because he feared being beaten by his cellmate Hearns. Defendants ignored his plea. He was then beaten by Hearns. Both plaintiffs claim that the defendants failure to act to protect them from this cellmate was a violation of their Eighth amendment right to be protected from harm. They seek declaratory relief, compensatory and punitive damages.

Plaintiffs further state in their amended complaint that they filed a grievance regarding their cell assignment with the institutional inquiry board and with the warden, and that the "institution was unable to grant requested relief." They did not appeal their grievances beyond the warden, because they allege, "IDOC was unable to grant requested relief." And according to defendants, "They have merely been unsuccessful at appealing their grievances at the institutional level." (Def. Mem. 6). Thus, they did complete the initial grievance and one level of appeal.

---

[2]The issue of conditions of confinement in this cell will be addressed below.

3

## DISCUSSION

### Defendants' motion to dismiss

This matter is now before the court on defendants' motion to dismiss the amended complaint. Defendants make three arguments.

1. Failure to exhaust administrative remedies

Defendants assert as their primary argument that plaintiffs have failed to comply with 42 U.S.C. §1997e(a) in that they did not complete all appeals of the denial of their grievances, and therefore, did not exhaust the administrative remedies provided by the Department of Corrections. *See* 20 Ill. Admin. Code §504.810 *et seq.*[3]

Defendants admit that plaintiffs did file a grievance, and appealed it to the warden of Joliet Correctional Center, and that this grievance was denied at both these levels. They do not address plaintiffs' statement that the department responded by telling plaintiffs that the institution could not provide the relief requested.[4] The issue before the court in this case is whether plaintiffs need exhaust administrative remedies through all appeals, when the act complained of, here a beating by another inmate, is a completed past act, for which defendants responded to plaintiffs' grievance, from both the Inquiry Board and the Warden, by stating that they could not provide

---

[3] Defendants outline the grievance appeal process, after the first appeal to the warden of the prison. The next step is to the Director of the Department of Corrections, and then, if he decides a hearing is needed, to the Administrative Review Board. The findings of that Board are then reviewed by the Director, who makes a final determination.

[4] Neither plaintiffs nor defendants clarify what the actual response to the grievance said, although defendants do not deny that a response was given. Reading the complaint in the light most favorable to plaintiffs, therefore, as the court must for purposes of this motion, the court determines that defendants' response was that they could not provide the relief requested and the grievance was therefore, denied.

4

the relief requested.[5] To determine this question the court turns to the Seventh Circuit's most recent analysis of this issue, *Perez v. Wisconsin Department of Corrections*, 182 F. 3d 532 (7th Cir. 1999). 42 U.S.C.§ 1997e(a) states: "no action shall be brought with respect to prison conditions...until such administrative remedies as are available are exhausted." *Perez* states that there is no futility exception, and no exception just because Plaintiff seeks only monetary damages. However, the crux of this requirement is that there must be some remedy available. Addressing this question, the *Perez* court states at the end of its analysis:

> It is possible to imagine cases in which the harm is done and no further administrative action could supply *any* remedy (emphasis in original). ...Suppose the prisoner breaks his leg and claims delay in setting the bone is cruel and unusual punishment. If the injury has healed by the time suit begins, nothing other than damages could be a "remedy," and if the administrative process cannot provide compensation then there is no administrative remedy to exhaust.  *Id.,* at 538.

If the institutional grievance procedure offers some possibility of meaningful relief, i.e., it is an "available remedy," it must be used. If, on the other hand, the prisoner's injury is complete, exhaustion is not required because while there may be an available *procedure*, there is no available *remedy*. See *Garret v. Hawk*, 127 F. 3d 1263(10th Cir. 1997). Similarly, in the case of both of the plaintiffs, they were already beaten by the cellmate Hearns. The damage already having been done, it is too late for the institution to address the issue. And the response to Plaintiffs' grievances was that indeed the institution could not provide them with relief. That being the case, therefore, *Perez* does not require Plaintiffs to exhaust their administrative remedies. Thus the fact

---

[5] Defendants cite *Martin v. Eneix,* and *Jenkins v. Walden,* which are not applicable here, because in each of those cases, the Plaintiff had brought federal suit prior to obtaining any response to a grievance. Further the cases were filed so soon after the submission of a grievance that the time period had not passed for the institution to respond. (Defendants incorrectly give the same citation to both of these cases.) Here, plaintiffs did complete the first two steps of the administrative review process, and obtained responses from both the Inquiry Board and from the Warden, each of whom responded, reading the complaint in the light most favorable to the plaintiffs, that they could not provide the requested relief.

5

that the plaintiffs did not complete the final appeal process in their grievances does not matter. Defendants' motion to dismiss for failure to exhaust is, therefore, denied.

2. Qualified Immunity

Qualified immunity protects public officials performing discretionary functions against civil liability if "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Wilson v. Formigoni*, 42 F.3d 1060, 1064 (7th Cir.1994) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)); *Harrell v. Cook,* 169 F. 3d 428, 431 (7th Cir. 1999). For a right to be clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful,...but it is to say that in light of pre-existing law the unlawfulness must be apparent. *Anderson v. Creighton,* 483 U.S. 635, 639-40 (1987). *See also Triad Associates,Inc. v. Robinson*, 10 F. 3d 492, 495 (7th Cir. 1993)." *Harrell v. Cook,* 169 F. 3d 428, 431 (7th Cir.1999). In order to survive a defense motion to dismiss on qualified immunity grounds, a Plaintiff must show (1) that she has asserted a violation of a constitutional or statutory right, and (2) that the applicable legal standards were clearly established at the time the defendants acted. *Id.* This two step analysis has long been the basis for review of qualified immunity claims: " '(1) does the alleged conduct set out a constitutional violation? and (2) were the constitutional standards clearly established at the time in question?' " *Zorzi v. County of Putnam*, 30 F.3d 885, 892 (7th Cir.1994) (quoting *Rakovich v. Wade*, 850 F.2d 1180, 1210 (7th Cir.1988)). If both steps are sufficiently met, the court must find that qualified immunity does not apply. *Zorzi*, 30 F.3d at 892. Further, the Seventh Circuit recently

denied a qualified immunity defense brought pursuant to a motion to dismiss. In the concurring opinion, Judge Easterbrook strongly stated that the qualified immunity defense should be brought in a summary judgment motion, not a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). *Jacobs and Siller v. City of Chicago,* 2000 WL 706003 (7th Cir. June 1, 2000).

To apply this standard for review of the qualified immunity defense the court first examines the factual allegations of the complaint. Plaintiffs allege that defendants, knowing that cellmate Hearns was dangerous, and having been asked by plaintiffs not to be placed in Hearns's cell, nevertheless intentionally placed plaintiffs in the cell with the violent inmate, telling them that nothing could be done unless they were actually attacked, and that then each was beaten by Hearns.

Applying the two part test for qualified immunity to these allegations, first the court determines whether plaintiffs have stated a constitutional violation. Prison officials have a duty to ensure the safety of inmates from the violent acts of other inmates. *Farmer v. Brennan,* 511 U.S. 825(1994). *Soto v. Johansen,* 137 F. 3d 980,981(7th Cir. 1998). A prisoner normally proves actual knowledge of impending harm by showing that he complained to prison officials about a specific threat to his safety. *Pope v. Shafer,* 86 F. 3d 90,91 (7th Cir. 1996)(quoting *McGill v. Duckworth,* 944 F. 2d 344, 349 (7th Cir. 1991), *cert. denied,* 503 U.S. 907 (1992)). Prison officials have an obligation to protect prisoners from one another. *Zarnes v. Rhodes,* 64 F.3d 285, 290 (7th Cir.1995); *see also McGill v. Duckworth,* 944 F.2d 344, 347 (7th Cir.1991), *cert. denied,* 503 U.S. 907 (1992). Here, plaintiffs complained to prison officials about the known threat of inmate Hearns, and those officials, acknowledging the dangerousness of this inmate, nevertheless placed each Plaintiff in turn in a cell with this inmate, where each was beaten by

Hearns. Thus, plaintiffs' complaint alleges a violation of a constitutional right.

Second, was this constitutional standard for violation of the right to be protected from harm clearly established at the time of the alleged wrongdoing? All of the cases cited above, showing the constitutional right of protection from harm from other inmates, and many others on this point, were the clearly established law in June of 1999, at the time that the incidents in this complaint occurred. Therefore, since both questions in this qualified immunity test are answered in the affirmative, the defense fails and defendants motion to dismiss on this basis is denied.

3. Conditions of confinement claim

Finally, defendants argue that plaintiffs did not allege that defendants had any knowledge of the unsanitary cell conditions( although they concede that plaintiffs did give notice regarding the dangerous inmate in the cell.) Def. memo 10. Punishment in the constitutional sense requires allegations of extreme deprivations over an extended period of time. *Hudson v. McMillian,* 503 U.S. 1, 9 (1992), *Bell v. Wolfish,* 441 U.S.520, 542(1979). Only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Wilson v. Seiter,* 501 U.S. 294, 298 (1991).Unsanitary conditions, while regrettable, nevertheless do not constitute punishment in the constitutional sense. Further, Plaintiffs do not allege any extraordinary circumstances related to his conditions rising to the level of a constitutional violation. Nor do they allege that any defendant was deliberately indifferent to or intended to subject either of them to the allegedly unconstitutional conditions. *See Farmer v. Brennan,* 511 U.S. 825, 837 (1994). Both the objective condition and the subjective intent of defendants (deliberate indifference) must be shown in order to state a claim. *Farmer, supra.* Plaintiffs have failed to show either that the condition

was an extreme deprivation(each was in the cell for seven days) or that the defendants had notice of the condition, and acted with deliberate indifference to his basic human needs. *Wilson v. Seiter,* 501 U.S. at 298-302 (1991). For these reasons, Plaintiffs' claim that defendants subjected them to unconstitutional conditions is dismissed for failure to state a claim.

## CONCLUSION

It is therefore ordered that the motion to dismiss is granted in part and denied in part. Plaintiff's claim of unconstitutional conditions of confinement at Joliet Correctional Center is dismissed. Defendants motion to dismiss as to all other claims is denied.

ENTER:

WAYNE ANDERSEN
UNITED STATES DISTRICT COURT

DATED: October 25, 2000