Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 4981 | **DATE** | 5/3/2002 |
| **CASE TITLE** | Bruce Wilson et al vs. Alex Nunn et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: It is therefore ordered that plaintiff Dale Fletcher is dismissed from this case for want of prosecution. It is further ordered that the defendants' motion for summary judgment [42-1] be granted. This case is dismissed in its entirety. Any pending motions are denied as moot.**

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAY 07 2002 date docketed | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TSA | courtroom deputy's initials | 02 MAY -6 PM 3:46 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BRUCE WILSON #A60782 and
DALE FLETCHER #N13822,

          Plaintiffs,

v.

          Case No. 99 C 4981

ALEX NUNN, KENNETH AGNEW and
LIEUTENANT YOUNG,

          Defendants.

Judge Wayne R. Andersen

## MEMORANDUM OPINION AND ORDER

Plaintiff Bruce Wilson, currently an inmate at Vienna Correctional Center, and Plaintiff Dale Fletcher, no longer an inmate, have brought this pro se civil rights action pursuant to 42 U.S.C.§1983. They each claim that the defendants, employees of the Joliet Correctional Center("Joliet"), violated their constitutional rights by failing to protect each of them from being assaulted by their cellmate while they were housed at Joliet during June, 1999. This matter is before the court for consideration of the defendants' motion for summary judgment. Each Plaintiff was sent a copy of LR56.2 Notice to Pro Se Litigants Opposing Summary Judgment. Plaintiff Wilson has responded to the motion. Plaintiff Dale Fletcher has failed to respond, and has also failed to keep the court informed of his current address. His failure to respond to this motion requires the court to dismiss him and his claims from this case for want of prosecution. Regarding Plaintiff Wilson, the defendants' motion for summary judgment is granted.[1]

---

[1] Interestingly, defendants have failed to ask the court to revisit the issue of exhaustion of administrative remedies, in light of *Booth v. Churner*, 121 S. Ct. 1819 (2001) and the recent case, *Pozo v. McCaughtry*, Slip Op.

1

**STANDARD OF LAW**

Summary judgment will be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *O'Connor v. DePaul Univ.*, 123 F. 3d 665, 669 (7th Cir. 1997). In weighing a motion for summary judgment, the court must take the facts in the light most favorable to the party opposing the motion and draw all reasonable inferences in that party's favor. *Bahl v. Royal Indemnity Co.*, 115 F. 3d 1283,1289 (7th Cir. 1997); *Condo v. Sysco Corp.*, 1 F. 3d 599, 601 (7th Cir. 1993), *cert. denied*, 114 S. Ct. 1051 (1994). The party opposing the motion must present evidence of a triable issue of material fact. *See Vance v. Peters*, 97 F. 3d 987, 990 (7th Cir. 1996), *cert. denied*, 117 S. Ct. 1822 (1997). The non-moving party is required to go beyond the pleadings and designate specific facts showing a genuine issue for trial. *Bank-Leumi Le-Israel, B.M. v. Lee*, 928 F. 2d 232, 236 (7th Cir. 1991). A fact is material when it would determine the outcome under the governing law. *Whetstine v. Gate Rubber Co.*, 895 F.2d 388, 392 (7th Cir. 1990). A material fact is genuinely in dispute when "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

**FACTS**

According to the public record on the Illinois Department of Corrections webpage, Plaintiff Dale Fletcher was paroled from prison on June 12, 2001, and will be discharged from

---

01-3623 (7th Cir. April 18, 2002).

2

parole on May 1, 2002. He has failed to provide the court with his current address, and he has failed to respond to the motion for summary judgment. Therefore, the court dismisses him from this case for want of prosecution. Plaintiff Bruce Wilson ("Wilson") alleges the following facts: On June 9, 1999, Wilson was moved to Joliet west segregation cell house for disciplinary infractions at another prison. Upon arrival there, he was assigned to a cell already occupied by an inmate by the name of Hearns. Wilson was in that cell with Hearns for seven or eight days with no incident. However, Wilson had been told by other inmates that this inmate had been known to attack his cellmates.(Dep. 11) Therefore, Wilson told defendant Nunn and defendant Agnew that he was in fear of this inmate. Wilson states that Lieutenant Young assigned him with Hearns because he, Wilson, had a history of violent behavior and he, Lieutenant Young, wanted Wilson to "cause great bodily harm to Hearns", not vice versa. (Wilson Answer, #3 pp.1-2). And further, Wilson stated sooner or later Hearns was going to hurt him or he was going to hurt Hearns. (Dep. 18-19). Also, he states that when he asked Lieutenant Young about Hearns, his response was "Dude's cool." (Wilson res. #4 p.2). And Captain Agnew told Wilson that he would move him out of the cell with Hearns as soon as there was an opening. (Wilson res. # 5, p.3). Wilson did not file a grievance, did not seek the assistance of a counselor and did not place Hearns on his "enemies list" prior to the incident. (Def. Fact #12 and Wilson Dep. 17) He describes Hearns' behavior prior to the incident as "spitting, jumping out of bed, and beating on the wall", (Dep. 16), but not fighting or threatening him.

On June 16, 1999, inmate Hearns started a fight with Plaintiff. Here is Wilson's account of the fight:

On the 16th, he jumped down off the bed. And when he jumped down, I sat up. When I sat up, he jumped down off the bed, then he hit me. When he hit me, I fell to the floor.

3

And he start [sic] kicking me, and the guys–the guys in [cell] 730–237 and 236 was calling for the officers to come to the room. So when Sergeant Foster and Officer Bland got there, the man had me down on the floor. He was choking me, but I had his hand up under my arm the way he couldn't really do no damage to me. But he had one of his hands around my neck choking me when Officer Bland and Sergeant Foster came to the cell. ... We tussled for a few minutes. The last five or six minutes before they got there, he had managed to get his hands around my throat, and he was choking me when they got to the door." (Dep. 20-21).

The officers then broke up the fight and removed Wilson from the cell. According to Plaintiff's deposition, Hearns "could do no damage to me." (Dep. 20). After the fight, he told the staff "there was nothing really wrong" with him, except a sore neck where Hearns tried to choke him.(Dep. 21). (Wilson res. #8 p. 4). Plaintiff did not ask to go to the infirmary. Plaintiff further stated " if you are asking me, could I took him?[sic] Yeah." (Dep.31-32). He told them that he was all right and required no medical assistance. (Dep. 32). Further, Plaintiff describes inmate Hearns as " a known harm, but not very strong or good at being a harm, a kind of humorous harm." (Wilson response,#9 p.5).

## DISCUSSION

Prison officials have a duty to ensure the safety of inmates from the violent acts of other inmates. They must be aware of facts from which an inference can be drawn that a substantial risk of serious harm exists, and the official must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825(1994). *Soto v. Johansen*, 137 F. 3d 980,981(7th Cir. 1998). A prisoner normally proves actual knowledge of impending harm by showing that he complained to prison officials about a specific threat to his safety. *Pope v. Shafer*, 86 F. 3d 90,91 (7th Cir. 1996)(quoting *McGill v. Duckworth*, 944 F. 2d 344, 349 (7th Cir. 1991), *cert. denied*, 503 U.S. 907 (1992)) Mere

4

negligence is insufficient to state a claim for deliberate indifference. *Daniels v. Williams*, 474 U.S. 327, 332 (1986). It is also not enough to show that the prison guard merely failed to act reasonably. *Gibbs v. Franklin*, 49 F. 3d 1206, 1208 (7th Cir. 1995). For a prisoner to state a claim for failure to protect from harm, he must allege a physical injury and not just an emotional or mental injury. 42 U.S.C.§1997e(e). Prison officials have an obligation to protect prisoners from one another. *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir.1995); *see also McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir.1991), *cert. denied*, 503 U.S. 907 (1992). To prevail, Plaintiff must be able to show that he was exposed to a substantial risk of serious harm to which Defendant was deliberately indifferent. *Zarnes*, 64 F.3d at 290.

The court determines that the following material facts are undisputed:

Plaintiff was under the impression that he was put in the cell with Hearns so that he could harm Hearns, not so that Hearns could harm him. Prior to the incident on June 16, 1999, Plaintiff never filed a grievance nor spoke to a counselor about wanting to be moved from inmate Hearns. Wilson did not place Hearns on his "enemy list". Inmate Hearns made no prior threats to Wilson. Defendant Agnew told Plaintiff that he would move him from that cell when he had an opening in another cell. Inmate Hearns attacked the Plaintiff but did not injure him, other than giving him a sore neck for which he sought no medical attention. Officers responded to the call for help, and removed Wilson from the cell and provided him access to medical personnel.

Qualified Immunity

Defendants again submit the defense of qualified immunity. This does not require discussion by this court, as this court previously denied qualified immunity to defendants in its

5

order of October 25, 2000. The court incorporates its reasoning in that decision and reiterates it here. The court questions why defendants would repeat such a claim, knowing that the court has already rejected it.

Standing

Defendants have misconstrued the doctrine of standing, and argue that because Plaintiff alleged no serious injury, therefore he does not have standing to sue. This is incorrect. Standing is a jurisdictional matter. Article III, section 2 of the United States Constitution "limits the 'judicial power' to the resolution of 'cases' and 'controversies.' " *Valley Forge College v. Americans United For Separation of Church & State, Inc.*, 454 U.S. 464, 471(1982). Wilson clearly has standing to sue defendants in this case.

Injury

For a prisoner to state a claim for failure to protect from harm, he must allege a physical injury and not just an emotional or mental injury. 42 U.S.C.§1997e(e). Plaintiff admits that other than a sore neck, and sleepless nights worrying about his cellmate, he was not injured by Hearns. The court agrees with defendants characterization of this injury as *de minimis*.

Deliberate indifference

The remaining issue presented is whether, as a matter of law, based on the undisputed material facts, defendants were deliberately indifferent to Plaintiff's need for protection from inmate Hearns.

Prior to the attack: notice

The question that must be answered in the affirmative for Wilson to succeed in defeating defendants' motion is- were the defendants on notice that Wilson was about to be attacked by

6

Hearns? Since Wilson admits that he failed to follow the prison procedure of filing a grievance to seek protection from Hearns, although he did discuss his fears with the defendants, such general discussions are insufficient to put them on notice of a specific threat to Wilson. Also, Defendant Agnew had told Plaintiff that he would move him when he had an open cell. Such statements do not show any evidence of deliberate indifference. Hearns was described generally as a mentally ill inmate, who, according to Plaintiff was 'humorously harmful', and not a serious threat. Additionally, Wilson states that he felt that defendants' motivation for placing him in that cell was so that he, Wilson, could harm Hearns. Such a motivation from the guards does not show their indifference to him, but rather, at most, perhaps their indifference to inmate Hearns. Wilson has failed to produce any evidence that defendants knew that Wilson was in serious danger. Inmate Hearns' prior involvement in altercations with other inmates is simply not enough. *See Bolden v. Ramos*, 1996 WL 66135, *6 (N.D.Ill.). The combination of lack of notice and lack of serious harm, coupled with Wilson's assertions that he was not hurt and that, between him and Hearns, he was known to be the more violent inmate, lead to the conclusion that Wilson failed to prove either that he was exposed to a substantial risk of serious harm or that defendants were deliberately indifferent to his need for protection from harm. *Zarnes*, 64 F.3d at 290.

Subsequent to the attack

Defendants came to the cell and broke up the fight. Immediately after the fight, defendants offered medical care to Wilson and moved him to another cell. He clearly stated that he was not harmed and needed no medical attention. None of these actions supports a deliberate indifference claim. Nor do the comments of Captain Agnew that he would move Wilson when

7

he had room in another cell. Instead, these undisputed facts support the conclusion that there was was no threat to Plaintiff's safety known to any defendant prior to the June 16 attack.

Wilson failed to allege sufficient facts to state a claim for any defendant's deliberate indifference to his need for protection; therefore, as a matter of law, his case must be dismissed.

## **CONCLUSION**

It is therefore ordered that Plaintiff Dale Fletcher is dismissed from this case for want of prosecution. It is further ordered that the defendants' motion for summary judgment is granted. This case is dismissed in its entirety. Any pending motions are denied as moot.

ENTER:

Wayne R. Andersen
UNITED STATES DISTRICT COURT

DATED: May 3, 2002